UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MORGAN LOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.  4:23-cv-00157 |
| | ) |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Defendant, Dolgencorp, LLC d/b/a Dollar General ("Defendant or Dollar General") by counsel for their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint states as follows:

1. That on or about July 8, 2023, the plaintiff, Morgan Lowe, was a customer at the Dollar General store, located at 2953 IN-235, in Medora, Jackson County, Indiana.

**ANSWER:  Defendant does not have sufficient information to provide a response to the allegations contained in Paragraph No. 1.**

2. That on or about July 8, 2023, the plaintiff, Morgan Lowe, slipped and fell due to water on the floor at said location, causing plaintiff to suffer serious injuries.

**ANSWER:  Defendant does not have sufficient information to provide a response to the allegations contained in Paragraph No. 2.**

3. That it was the duty of the defendant to use ordinary care and diligence to keep and maintain the said premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the premises dangerous and unsafe for plaintiff, or

present an unreasonable risk of harm to plaintiff in her lawful use of same.

**ANSWER: Defendant states that any duty that was owed to the Plaintiff arises by operation of law. To the extent that any duty was owed to Plaintiff it was met by Defendant. Furthermore, Defendant denies any allegation that the premises was dangerous and unsafe.**

4.  That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said premises.

**ANSWER: Defendant states that any duty that was owed to the Plaintiff arises by operation of law. To the extent that any duty was owed to Plaintiff it was met by Defendant. Furthermore, Defendant denies any allegation that the premises was dangerous and unsafe.**

5.  That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for plaintiff and free from defects and conditions rendering the premises unsafe.

**ANSWER: Defendant states that any duty that was owed to the Plaintiff arises by operation of law. To the extent that any duty was owed to Plaintiff it was met by Defendant. Furthermore, Defendant denies any allegation that the premises was dangerous and unsafe.**

6.  That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing on said premises.

**ANSWER: Defendant states that any duty that was owed to the Plaintiff arises by operation of law. To the extent that any duty was owed to Plaintiff it was met by**

**Defendant.  Furthermore, Defendant denies any allegation that the premises was dangerous and unsafe.**

7.That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

**ANSWER:  Defendant denies the allegations contained in Paragraph 8.**

8.That the fall and resultant permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said premises.

**ANSWER:  Defendant denies the allegations contained in Paragraph 9.**

9.That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

**ANSWER:  Defendant denies the allegations contained in Paragraph 9.**

10.That the plaintiff has incurred medical expenses, lost wages and other special expenses, and will incur future medical expenses, lost wages and other special expenses, as a direct and proximate result of defendant's negligence.

**ANSWER:  Defendant denies the allegations contained in Paragraph 9.**

WHEREFORE, Defendants, Dolgencorp, LLC d/b/a Dollar General, prays that Plaintiff take nothing by way of the Complaint, for an allocation of fault pursuant to Indiana's Comparative Fault Act, for judgment in Defendants' favor, that Defendants be awarded all applicable reasonable costs incurred in the defense of this matter, and that Defendants be granted all such further relief as this Court deems just and proper in the premises.

Respectfully submitted,

/s/ *Brian C. Brenn*
Brian C. Brenn (29841-49)
Reminger Co., LPA
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN  46268
bbrenn@reminger.com
*Counsel for Defendant*

## AFFIRMATIVE DEFENSES

Comes now Defendants, Dolgencorp, LLC d/b/a Dollar General by counsel, and asserts the following affirmative defenses:

1. If Defendant failed to respond to any allegations in Plaintiff's Complaint, Defendants respectfully denies them at this time.

2. Defendant denies liability and further disputes every allegation and inference of supposed fault or other purported wrongful conduct or inaction at this time.

3. Plaintiff's alleged injuries and/or damages may have been caused by Plaintiff's own "fault," the "fault" of other parties, or the "fault" of nonparties as the term "fault" has been defined in the Indiana Comparative Fault Act, I.C. 34-51-2-1, *et. seq.*, and the Defendants are entitled to judgment in their favor and against Plaintiff or, in the alternative, entitled to a reduction in the Plaintiff's alleged damages by the percentage of Plaintiff's own fault, the fault of other parties or the fault of nonparties, which may be determined by a trier of fact.

4. Plaintiff may have failed to mitigate its damages.

5. Plaintiff may have incurred the risk of their injuries/damages.

6. Plaintiff's Complaint may fail to state a claim for which relief can be granted as to Defendant.

7. Plaintiff's alleged damages may be the proximate result of their pre-existing and/or subsequent injuries and/or conditions.

8. Defendant is entitled to a set off against any judgment entered in favor of Plaintiff in the amount of collateral source payments received by Plaintiff following the accident which is the subject of Plaintiff's Complaint pursuant to the legal and equitable principles of payment, satisfaction, accord and satisfaction and other related rules barring windfalls and double recovery. Furthermore, Defendants reserves the right to introduce evidence of collateral source payments received by or on behalf of Plaintiff in the event it is subsequently determined that such payments were made and are an appropriate consideration by the jury.

9. Plaintiff's claims may be barred from recovery by the doctrines of unclean hands, release, laches, waiver, and estoppel.

10. Plaintiff may have expressly or voluntarily assumed and incurred certain risks incident to the events from which Plaintiff's alleged injuries and damages arose.

11. The accident, or the alleged injuries and damages claimed to have resulted therefrom as set forth in Plaintiff's Complaint were caused or contributed by conditions beyond Defendant's control and/or conditions which Defendant had no duty to control.

12. Plaintiff may have failed to join all necessary/indispensable parties.

13. Any alleged hazard as indicated by Plaintiff was open and obvious, and thus the Plaintiff's actions were the cause of any alleged injuries and/or damages.

14. Defendant had no actual or constructive knowledge of an alleged defect or the alleged cause of Plaintiff's injuries and/or damages before the alleged incident.

15. Plaintiff's alleged damages may have been caused, in whole or in part, by individuals, entities, or causes which are outside of Defendant's control and for which Defendant had no duty to control.

16. Plaintiff's damages may have been caused in whole or in part by non-parties. Defendants also reserve the right to assert additional yet-to-be identified non-party affirmative defenses whose identities are unknown to Defendants at this time but may be discovered as investigations and discovery continue in these matters and whose fault may be attributed towards regarding any claims and/or damages alleged in the matters giving rise to Plaintiff's Complaint.

17. Defendant reserves the right to assert such counter, cross, or third-party claims, to the extent applicable, should they become known to Defendant through the process of discovery in these proceedings.

18. Defendants reserve the right to assert such additional affirmative defenses which may come to light during the pendency of this action.

19. Defendants plead all affirmative defenses enumerated in the Indiana Rules of Trial Procedure 8(C).

20. Defendants incorporate the affirmative defenses of any other party in this matter.

WHEREFORE, Defendants, Dolgencorp, LLC d/b/a Dollar General, prays that Plaintiff take nothing by way of the Complaint, for an allocation of fault pursuant to Indiana's Comparative Fault Act, for judgment in Defendants' favor, that Defendants be awarded all applicable reasonable costs incurred in the defense of this matter, and that Defendants be granted all such further relief as this Court deems just and proper in the premises.

Respectfully submitted,

  /s/ *Brian C. Brenn*
Brian C. Brenn (29841-49)
Reminger Co., LPA
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN  46268
bbrenn@reminger.com
*Counsel for Defendant*

## JURY DEMAND

Defendants, Defendants Dolgencorp, LLC d/b/a Dollar General by counsel, hereby request trial by jury on all issues in the above cause of action.

Respectfully submitted,

  /s/ *Brian C. Brenn*
Brian C. Brenn (29841-49)
Reminger Co., LPA
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN  46268
bbrenn@reminger.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, I electronically filed the foregoing document using the E-filing system (IEFS), which sent a notice of electronic filing to all counsel of record.

  /s/ *Brian C. Brenn*
Brian C. Brenn (29841-49)
Reminger Co., LPA